UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN T. MUIR,

    Plaintiff,                      Case No. 2:21-CV-12624
                                            HONORABLE ARTUR J. TARNOW
                                            UNITED STATES DISTRICT COURT JUDGE

WARDEN CHAMPMAN, et. al.,

    Defendants,

_____/

**ORDER REQUIRING SIGNED CERTIFICATION OF INMATE'S TRUST ACCOUNT FROM AUTHORIZED PRISON OFFICIAL AND A CURRENT COMPUTERIZED TRUST FUND STATEMENT OF ACCOUNT**

       Before the Court is Plaintiff Herman T. Muir's civil rights complaint filed under 42 U.S.C. § 1983. For the reasons stated below, plaintiff is ordered to provide an authorization to withdraw funds from his prison account, a signed certification of his trust account from an authorized prison or jail official, and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months within thirty days of this Court's Order. Plaintiff is also ordered to provide the Court with a current computerized trust fund statement of account within thirty days of the Court's order.

       Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because he failed to file an authorization to withdraw funds. The moment plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997). Plaintiff's application to proceed without prepayment of fees or costs

1

is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 Fed. Appx. 530, 533 (3rd Cir. 2010).

The Court notes that although plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a financial certificate signed by plaintiff's custodian or designee. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). *See Hart v. Jaukins,* 99 Fed. Appx. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009). In addition, plaintiff has failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each jail or prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d at 605.

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these

circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Accordingly, unless plaintiff chooses to pay the filing fee of $ 350.00, plus the $ 52.00 administrative fee in full, the Court **ORDERS** him to provide a financial certificate signed by plaintiff's custodian or designee and a current computerized trust fund statement of account showing the history of the financial transactions in plaintiff's institutional trust fund account for the last six months. If plaintiff does not provide the requested information to the United States District Court within **thirty (30) days** of the date of this Order, his complaint shall be **DISMISSED.**

                                          David R. Grand
                                          DAVID R. GRAND
                                          UNITED STATES MAGISTRATE JUDGE

Dated:

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on

                                          s/Tracy Thompson
                                          Deputy Clerk

Dated: 11/12/2021