UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN T. MUIR,

    Plaintiff,         Civil Action No. 2:21-CV-12624
v.                       HONORABLE ARTHUR J. TARNOW
                          UNITED STATES DISTRICT COURT
WARDEN CHAPMAN, et. al.,

    Defendants,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT

### I. Introduction

Before the Court is Plaintiff Herman T. Muir's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Macomb Correctional Facility in New Haven, Michigan. The Court has reviewed the complaint and now **SUMMARILY DISMISSES THE COMPLAINT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

1

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. *See Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir.2000)(citing *Neitzke*, 490 U.S. at 327–28); *See also Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir.1990). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a

complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that Defendant Williams, a Resident Unit Manager at the Macomb Correctional Facility, snatched a hot water tank away from plaintiff when he reported for a COVID test at the prison. Plaintiff claims that this caused hot boiling water to spill onto plaintiff, causing him to be severely burned. Plaintiff names Williams, Warden Chapman, and several other prison employees as defendants. Plaintiff seeks monetary damages.

3

## IV. Discussion

It is well established that "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986)(emphasis original); *See also Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F. 3d 345, 348 (6th Cir. 1994)("it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Thus, an Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash,* 539 F.3d 510, 522 (6th Cir. 2008).

Plaintiff's claim that Defendant Williams burned him by snatching the hot water tank away from him alleges at worst that the defendant was negligent in failing to protect plaintiff from such hazardous conditions, and thus does not state a claim for relief under § 1983. *Daniels v. Williams,* 474 U.S. at 332; *See also Jones v. University of Texas Medical Branch Hosp. Galveston,* 236 F. App'x. 931, 932 (5th Cir. 2007)(nurse's alleged failure to check on prisoner after applying heat pack, which resulted in burn, constituted at most negligence or medical malpractice, and thus did not constitute deliberate indifference to serious medical needs in violation of Eighth Amendment).

4

The complaint must also be dismissed against the remaining defendants because plaintiff fails to allege any involvement on the part of the remaining defendants regarding the hot water tank. A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978)(Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995)(plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F. 2d 246, 251 (6th Cir. 1983).

Plaintiff does not allege that any of the remaining defendants were involved in the seizure of the hot water tank from him. The complaint shall be dismissed regarding these defendants.

### ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** for failing to state a claim upon which relief could be granted, pursuant to 28

U.S.C. § 1915(e)(2)(B). Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                       s/Arthur J. Tarnow
                                       **HON. ARTHUR J. TARNOW**
**Dated: January 3, 2022**     UNITED STATES DISTRICT JUDGE